765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAVERIO SGOTTO, PLAINTIFF-APPELLANT,
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 84-3389
 United States Court of Appeals, Sixth Circuit.
 5/7/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Saverio Sgotto, appeals from the district court's finding that the Secretary's denial of Social Security disability benefits is supported by substantial evidence. He initially applied for benefits on May 11, 1979, when he was 39 years old. After his application was denied initially, on reconsideration, and after a hearing before an Administrative Law Judge (ALJ), the Appeals Council affirmed, as did the district court below. Plaintiff now argues that the ALJ and district court applied an incorrect legal standard in determining that plaintiff was not disabled; in particular, plaintiff argues that the ALJ and district court failed to determine properly whether plaintiff was essentially illiterate and whether he was capable of performing light work. The basic issue here is whether the ALJ properly applied the 'grids' in determining that plaintiff was not disabled.
 
 
 2
 Plaintiff was born in Italy in 1940, and there completed the fifth grade. He emigrated to the United States in 1968, and began working in the construction industry until July 1974, when he injured his back. He attempted to return to his heavy work in November, but found himself limited in what he could do. Accordingly, the employer advised Sgotto that they had no work for him. He then pursued some special schooling for three months to better learn to read and write in English. He found no lighter work in the construction business. Evidently, plaintiff can write in Italian, but has difficulty in English. Sgotto can sign his name and concededly filled out a number of forms in English. During 1976, he was self-employed and earned $1,078 cutting grass for people in his neighborhood. The Ohio Industrial Commission determined that plaintiff was permanently and totally disabled in 1974, and plaintiff has since received Workmen's Compensation benefits.
 
 
 3
 Evidence at the hearing before the ALJ reflects that plaintiff understands English, is able to communicate, and his part-time work in 1976 indicates a residual functional ability, although he cannot do the heavy construction work performed before his 1974 injury. The ALJ found, upon consideration of the entire record, that Sgotto has no 'impairment or combination of impairments which would prevent the claimant from performing the basic work related functions required of light work as that term is defined by the Social Security Act.' The ALJ considered Sgotto's difficulties with intellectual attainment, language problems, his physical limitations and the fact that he was ruled eligible under state law for Workmen's Compensation.
 
 
 4
 The ALJ found Sgotto essentially unskilled (no transferrable skills) with marginal education (literate with formal schooling at a 6th grade level or less), sufficiently youthful (40 years of age), and subject only to a limited impairment. There is sufficient evident to support these findings of the ALJ, including the credibility determination with regard to pain and residual ability to do some types of light work. While we may disagree with the Secretary's findings if it were our function to evaluate the facts de novo, our appellate function here is limited and we affirm.
 
 
 5
 A 1974 work evaluation report of an Akron Rehabilitation Center indicates that Sgotto is capable of 'non-technical physical tasks of a non-strenuous nature,' but emphasized 'sheltered level employment' with essential minimum wage scale as being realistic. The report conceded that plaintiff might find such work and wages 'difficult if not impossible to accept considering his past earning record.' It seems evident that Sgotto desires his past kind of employment, which he is unable to perform, rather than accept light or sheltered type of work at a lower rate of pay. The ALJ declined to deem controlling contrary reports obtained of plaintiff's counsel from William L. Fink, a Rehabilitation counselor, upon what he considered unreliable assumptions made therein.
 
 
 6
 The critical determinations made in this case involve very close questions as to Sgotto's education and residual functional capacity. Since there is support for the Secretary's decision in these respects, we find that the ultimate conclusion of 'not disabled' under Rule 202.17 of Table No. 2 of Appendix 2 to Subpart P of Regulations No. 4 ('the grid') is not erroneous.
 
 
 7
 This decision of the district court is accordingly AFFIRMED.
 
 GILMORE, District Judge (Dissenting):
 
 8
 I respectfully dissent. It appears to me that the record clearly establishes the plaintiff to be disabled, and that there is not sufficient evidence to support the determination of the administrative law judge that benefits should be denied.
 
 
 9
 Although it is not binding on this Court, the Court should not ignore the fact that on March 19, 1980, appellant was found permanently and totally disabled by the Industrial Commission of Ohio and awarded compensation. Even though not binding, this determination certainly must be persuasive to this Court.
 
 
 10
 Appellant was born in April 1940, and was 39 years old when he first filed for benefits. He had completed a fifth grade education in Italy before emigrating first to Canada and then to the United States in 1968. He worked as a laborer in the construction industry until 1974. Additionally, he is not at all proficient in the English language.
 
 
 11
 To my mind, the medical reports clearly show disability here, and it appears to me that the findings of the ALJ are contrary to the great weight of the evidence.
 
 
 12
 I think the medical reports clearly show disability. In April 1979, Dr. Hillel Mazansky, who examined appellant, expressed the opinion that appellant merited an award of permanent total disability. In June 1979, Dr. William Krause stated that the appellant was temporarily totally disabled, but expressed the hope that at some time he could be rehabilitated. On February 6, 1980, Dr. William McCloud concluded that the appellant should be considered temporarily and totally disabled. In addition, Mr. William Fink, a certified rehabilitation counselor, reported in July 1979 that, because of his illiteracy and great difficulty with the English language, he was unable to identify any skill, cultural or hobby areas that would even remotely relate to employment for appellant, nor could he formulate an employment plan for the appellant.
 
 
 13
 Furthermore, on August 20, 1979, Ms. Marcia Parker, a rehabilitation counselor with the state Rehabilitation Services Committee, stated that the evaluation of appellant's skills and abilities showed that he is 'limited by his borderline intelligence, language abilities and third-grade academic skills,' and this, together with his physical problems, make his employability 'selective, if not absolute.'
 
 
 14
 I find the determination of the ALJ that the appellant was capable of engaging in at least light levels of work activity clearly erroneous, and contrary to the great weight of the evidence. Psychological testing showed the appellant had an I.Q. of 71. I think he is totally and completely disabled, not only because of the serious back problems, but because of his highly-limited language skills and borderline intelligence. Benefits should be awarded, and I respectfully dissent.
 
 
 
 *
 HONORABLE HORACE W. GILMORE, United States District Court for the Eastern District of Minchigan, sitting by designation